IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JONATHAN DEON RADFORD, §<br>#25025141                   §<br>            Plaintiff,      §<br>                                     §<br>v.                                  §     No. 3:23-cv-02144-G (BT)<br>                                     §<br>S. DAYTON, et al.         §<br>            Defendants.  § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Jonathan Deon Radford proceeds *in forma pauperis* (IFP) against S. Dayton (whom he describes as a "Dallas Police Gj witness"), a Dallas County Deputy Sheriff, and Judge Tammy Kemp of the 204th Judicial District Court in Dallas County, Texas. For the reasons below, the Court should dismiss this action with prejudice under 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim upon which relief can be granted.

**BACKGROUND**

Radford claims that he was riding his bicycle on June 1, 2023, when a large group of Dallas Police officers arrested him without probable cause and without reading him his *Miranda* rights. Compl. at 4 (ECF No. 3). He further asserts that the police officers used excessive force in subduing him—leaving him badly injured. *Id.* These injuries were allegedly ignored by police officers and the jail staff upon Radford's arrival at Lew Sterrett Jail. *Id.* at 6–7.

Radford was thereafter indicted on July 26, 2023, in the 194th Judicial District Court for possession of a controlled substance. *See State of Texas v. Jonathan Radford*, F-23-5519, Indictment (194th Jud. Distr. Ct.). During his time in pre-trial detainment, he supposedly suffered from poor conditions of confinement and inadequate medical care. Compl. at 7–9. Radford also claims that these poor conditions violated his right against Double Jeopardy. *Id.* at 8. Following the filing of the present action, Radford pleaded guilty to possession of a controlled substance and was sentenced to 90 days in county jail. *State of Texas v. Jonathan Radford*, F-23-5519, Plea Agmt. Packet.

Additionally, Radford raises grievances related to a separate criminal action brought against him in 2017. On March 30, 2017, Radford was indicted in the 204th Judicial District Court for possession of a prohibited weapon. *See State of Texas v. Jonathan Deon Radford*, F-17-22234, Indictment (204th Jud. Distr. Ct.). Radford takes issue with the fact that the presiding judge (Judge Kemp) "denied all [his] motions" and committed slander by commenting on Radford's fitness to stand trial. Compl. at 3, 10. Without explanation, Radford also contends that Judge Kemp engaged in coercion, fraud, and unjust enrichment. *Id.*

Radford filed the present action on September 21, 2023. The Court subsequently filed an Order and Notice of Deficiency requiring Radford to file an amended complaint. Order (ECF No. 8). Radford did file an Amended Complaint, naming only S. Dayton as a defendant and omitting the substantive allegations

from his original complaint. *See generally* Am. Compl. (ECF No. 10). Radford also indicates that he is seeking $2 million in damages. *Id.* at 4.

## LEGAL STANDARDS

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed IFP if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (citing *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998)).

## ANALYSIS

The Court liberally construes Radford's pleadings as asserting claims for false arrest, excessive force, medical indifference, conditions of confinement, and Double Jeopardy, as well as various claims against Judge Kemp. For the reasons set forth below, each of these claims should be dismissed.

3

### A. False Arrest

Radford alleges that Defendants lacked probable cause to arrest him and that his charges were "bogus." Compl. at 6, 8. The Court should liberally construe Radford's false arrest claim as § 1983 a claim under the Fourth Amendment.

The Constitution "contemplates searches and seizures based 'upon probable cause.'" *United States v. Bass*, 996 F.3d 729, 737 (5th Cir. 2021) (quoting U.S. CONST. AMEND IV.). A § 1983 claim for false arrest and/or false imprisonment requires a plaintiff to demonstrate that he was arrested and/or detained without probable cause in violation of the Fourth Amendment. *Manuel v. City of Joliet*, 580 U.S. 357, 367 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment 'false imprisonment.' "); *see also Defrates v. Podany*, 789 F. App'x 427, 431 (5th Cir. 2019) (citing *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009)). To state a § 1983 claim for false arrest or false imprisonment, a plaintiff must plausibly allege that the arresting officer did not have probable cause to arrest him. *Arnold v. Williams*, 979 F.3d 262, 269 (5th Cir. 2020) (citing *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655-56 (5th Cir. 2004)).

Even liberally construing Radford's allegations, he has failed to state a § 1983 claim for false arrest. Specifically, his assertion that he was arrested for a crime he did not commit is so conclusory it is legally insufficient. *See Thompson v. Dukes*, 2011 WL 4702471, at *1 (N.D. Tex. Sept. 30, 2011) (recognizing "conclusory

4

allegations and legal conclusions are insufficient to state a claim"); *see also Barnes v. Walters*, 2022 WL 18776172, at *5 (N.D. Tex. Sept. 7, 2022), *rec. accepted*, 2023 WL 2065058 (N.D. Tex. Feb. 16, 2023).

Accordingly, the Court should dismiss Radford's Fourth Amendment claim under § 1983.

### B. Excessive Force

Radford also claims that he was a victim of police brutality at the hands of the Dallas Police Department. Compl. at 3. The Court construes these allegations as asserting a claim for excessive force.

To state a claim for excessive force, a plaintiff must allege "(1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *Spann v. Rainey*, 987 F.2d 1110, 1115 (5th Cir. 1993) (internal quotations omitted). Further, to state a claim for excessive use of force, the plaintiff's asserted injury must be more than *de minimus*. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2005)

Here, Radford alleges that he was "thrown to the ground, kicked, [and] beaten" by up to a dozen police officers. Compl. at 4. He claims that the attack caused bodily injury and that he eventually received medical care—which he described as insufficient. *Id.* at 6–7. But Radford's conclusory allegations that he was injured and received medical attention are legally insufficient to show that the injury he sustained was more than *de minimus*. *See Tuchman v. DSC Commc'ns*

5

*Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) ("We will thus not accept as true conclusory allegations or unwarranted deductions of fact."); *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (stating a plaintiff must plead specific facts and not mere conclusory allegations to avoid dismissal for failure to state a claim) (citing *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)); *see also Brown v. Coulston*, 463 F. Supp. 3d 762, 780 (E.D. Tex. 2020) (the conclusory allegations made in connection with an excessive force claim, stating the "injuries" suffered were severe and caused "lasting pain," without more, failed to articulate more than speculation regarding whether the injury sustained was more than de minimis); *Bey v. Delgado*, 2023 WL 8262702, at *3 n.2 (N.D. Tex. Nov. 6, 2023) (Rutherford, J.), *rec. adopted*, 2023 WL 8260889 (N.D. Tex. Nov. 29, 2023), *vacated on other grounds* (Jan. 2, 2024), *superseded* on other grounds, 2024 WL 846253 (N.D. Tex. Feb. 27, 2024), and *rec adopted*, 2024 WL 846253 (N.D. Tex. Feb. 27, 2024) (rejecting excessive force claim as conclusory).

Accordingly, the Court should dismiss Radford's excessive force claim.

### C. Failure to Give *Miranda* Warnings

Radford complains that police officers failed to read him his *Miranda* rights during his arrest. *See* Compl. at 4; *see also Miranda v. Arizona*, 384 U.S. 436 (1966). But the failure to read Miranda warnings "cannot be grounds for a § 1983 action." *Chavez v. Martinez*, 538 U.S. 760, 772 (2003); *Vega v. Tekoh*, 597 U.S. 134, 141 (2022) (confirming that a "violation of the Miranda rule [ ]" does not provide "a basis for a claim under § 1983.").

Accordingly, the Court should dismiss this claim.

### D. Medical Indifference

Radford alleges that he was unable to see a doctor for five days after entering jail, despite obvious signs of injury. Compl. at 7. When he was finally able to speak to a physician, Radford claims that the doctor did not conduct a physical examination but merely prescribed him pain medicine without treating the underlying causes of his pain. *Id.* Radford states, without more, that his condition worsened after taking this medication. *See id.* Moreover, Radford alleges that he received x-rays that weakened his body due to the high levels of radiation. *Id.* at 9. The Court liberally construes these allegations as an attempt to bring a claim for deliberate indifference to his serious medical needs.

To establish such a claim, Radford must be able to show he was denied appropriate medical care and that denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976). A defendant acts with deliberate indifference "only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A plaintiff can establish deliberate indifference in this context by showing that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* at 838. On the other hand, unsuccessful medical treatment, acts of negligence, or medical

7

malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). A delay in medical care constitutes a constitutional violation only if there was deliberate indifference, which resulted in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Radford's complaints about the care that he received establish only a disagreement with his medical treatment or, at most, negligence—neither of which demonstrates deliberate indifference. *See Alverez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) ("Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight.") (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617–18 (5th Cir. 2009)); *see also Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent extraordinary circumstances.") (citations omitted).

As for the allegations that the medical staff delayed treatment, Radford has failed to allege that he suffered any substantial harm because of the alleged delay, and that is fatal to his claim. *See Mendoza*, 989 F.2d at 195 ("Further, delay in

8

medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm.").

Thus, whether premised on a disagreement with medical treatment or a delay in medical treatment, Radford fails to state a claim for deliberate indifference to his medical needs.

### E. Conditions of Confinement

Radford states that, during his pre-trial detention, he was held at Lew Sterrett Jail in a cold cell without the "proper necessities"—such as a cup, spoon, mattress, and blanket. Compl. at 8. He also alleges that he was unable to send or receive mail, which limited communication with his legal counsel. *Id.* at 8–9. The Court construes these allegations as challenging the conditions of his confinement pursuant to § 42 U.S.C. § 1983 under the Fourteenth Amendment to the United States Constitution.

Here, Radford's conditions of confinement claim is conclusory in nature, and this alone warrants denying the claim and granting leave to amend. *See Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (noting that a plaintiff must plead "facts sufficient to show that her claim has substantive plausibility" and "[t]he court should freely grant leave [to amend a pleading] when justice so requires."). Radford also fails to allege facts showing that Defendants knew of and disregarded the conditions of confinement he challenges as unconstitutional. *See Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020) ("Deliberate indifference cannot be inferred merely from a negligent or even

9

a grossly negligent response to a substantial risk of serious harm.") (quoting *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020) (brackets omitted)).

Radford has therefore failed to state a claim upon which relief can be granted.

### F. Double Jeopardy

As stated, Radford claims that he was subject to poor conditions of confinement prior to any conviction. Compl. at 8. He alleges that this violated his right against Double Jeopardy. *Id.* But the Double Jeopardy clause only provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. AMEND. V. Radford does not claim that he was convicted twice for the same offense.

Accordingly, the Court should dismiss Radford's Double Jeopardy claim as frivolous. *See Buckenberger v. Cain*, 2010 WL 5635613, at *16 (E.D. La. Oct. 25, 2010), *rec. adopted*, 2011 WL 230799 (E.D. La. Jan. 21, 2011), *aff'd*, 471 F. App'x 405 (5th Cir. 2012) (dismissing Double Jeopardy claim as patently frivolous where double jeopardy was "not implicated").

### G. Claims Against Judge Kemp

Radford raises several claims against Judge Kemp for actions Judge Kemp allegedly took while presiding over Radford's prior criminal case. Judges, however, have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97

10

F.3d 107, 110 (5th Cir. 1996). Radford has failed to allege facts showing that Judge Kemp acted outside the scope of her jurisdiction.

Accordingly, Radford's claims against Judge Kemp should be dismissed.

## LEAVE TO AMEND

Generally, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). But leave to amend is not required if the plaintiff has already pleaded his "best case." *Id.* And while a court should freely grant leave to amend when justice so requires, "a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) (citations omitted).

The opportunity to file objections to this recommendation (further explained below) allows Radford an opportunity to show that his claims should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend them. *See id.*; *see also Andrews*, 2023 WL 5437197, at *6.

## RECOMMENDATION

The Court should dismiss Jonathan Deon Radford's case with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

11

Dated August 22, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).